### William B. Phelps *vs.* James W. Davis.

One hour is allowed for the appearance of parties at each adjournment, from one day to another, of the examination of a debtor who has been arrested on execution, as well as at the time originally fixed for such examination.

CONTRACT against the surety on a recognizance taken under Gen. Sts. *c.* 124, § 10, with condition that Henry Hobart, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon. Judgment was ordered for the defendant in the superior court, upon agreed facts, which are sufficiently stated in the opinion ; and the plaintiff appealed to this court.

*W. L. Burt*, for the plaintiff.

*C. C. Nutter*, for the defendant.

METCALF, J. On the day first appointed for the examination of Hobart, neither he nor the plaintiff would have lost any legal right by not appearing earlier than eleven o'clock. Both parties were legally entitled to one hour's delay. *Niles* v. *Hancock*, 3 Met. 568. *Hobbs* v. *Fogg*, 6 Gray, 251. And the court have

no doubt that when the hearing of a case is adjourned from one day to another, there is the same reason for allowing to each party an hour beyond that to which the adjournment is made, as for allowing it on the day first appointed for a hearing. *Shufelt* v. *Cramer*, 20 Johns. 309. In the present case, the adjournment was from January 29th to January 31st at ten o'clock. Hobart appeared before eleven o'clock, but the plaintiff, after appearing at ten, and moving that Hobart should be defaulted, left the master's office in half an hour, and did not return. This was, in legal effect, as much an abandonment or renunciation of his right to have Hobart examined, as if he had not appeared at all. It was a neglect to attend. And the right and duty of the master thereupon to discharge Hobart, without administering to him the poor debtors' oath, resulted from the provision of the Gen. Sts. *c.* 124, § 48, that " if the plaintiff or creditor, or some one in their behalf, shall not attend the examination, the defendant or debtor shall, without examination, be discharged from arrest or imprisonment." *Judgment for the defendant.*